Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff Vegas Auto
Collection LLC d/b/a Royalty

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VEGAS AUTO COLLECTION LLC D/B/A ROYALTY, a limited liability company,<br><br>   Plaintiff,<br><br> v.<br><br>JONATHAN BROBST, an individual, and THIRD PEDAL LLC, a limited liability company,<br><br>   Defendants. | Case No.<br><br><br>**<u>COMPLAINT</u>** |

For its Complaint against Defendants Jonathan Brobst and Third Pedal, LLC ("Third Pedal"), Plaintiff Vegas Auto Collection, LLC d/b/a Royalty ("Royalty") states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Plaintiff and Defendants are direct competitors, and Defendants made false and misleading statements of fact and false and misleading misrepresentations of fact in commercial advertising and promotion that misrepresent the nature, characteristics, and qualities of Plaintiff's services and commercial activities.

2. Plaintiff and Defendants are competitors, and Defendants' statements were specifically designed to unfairly compete with Plaintiff and to draw customers and potential customers away from Plaintiff and toward Defendants.

- 1 -
Complaint
Case No.

3.      Plaintiff and Defendants operate in the same niche exotic car industry. Defendants engaged in social media promotion that contained multiple false statements of fact about Plaintiff and Plaintiff's business, as well as Plaintiff's professional competence.

4.      Defendants' false and misleading statements are actionable under the Lanham Act as false advertising and unfair competition. Plaintiff seeks damages for Defendants' unlawful actions, as well as permanent injunctive relief.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Defendant Jonathan Brobst based upon the following: Defendant Brobst has purposefully availed himself of the privilege of doing business in the State of Nevada. Defendant Brobst knew that Plaintiff was a resident of the State of Nevada when he engaged in unfair competition against Plaintiff on the World Wide Web. Defendant Brobst targeted Plaintiff as a Nevada resident and purposefully caused harm to Plaintiff knowing that Plaintiff resided in Nevada and would be harmed in Nevada.

7.      This Court has personal jurisdiction over Defendant Third Pedal based upon the following: Defendant Third Pedal has purposefully availed itself of the privilege of doing business in the State of Nevada. Defendant Third Pedal knew that Plaintiff was a resident of the State of Nevada when it engaged in unfair competition against Plaintiff on the World Wide Web. Defendant Third Pedal targeted Plaintiff as a Nevada resident and purposefully caused harm to Plaintiff knowing that Plaintiff resided in Nevada and would be harmed in Nevada.

8.      Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

9.      Plaintiff Royalty is a Nevada limited liability company with its principal place of business in Clark County, Nevada. Royalty is an exotic car rental agency and conversion specialist. It converts exotic cars with automatic transmissions to cars with manual transmissions.

- 2 -
Complaint
Case No.

Its managing member is Houston Crosta.

10. Upon information and belief, Defendant Jonathan Brobst is an individual residing in Jefferson County, Alabama. Upon information and belief, Mr. Brobst is the managing member of Defendant Third Pedal.

11. Defendant Third Pedal is an Alabama limited liability company with its principal place of business in Jefferson County, Alabama. Third Pedal is a company that advertises its conversions of exotic cars from automatic transmissions to manual transmissions. It is in direct competition with Plaintiff Royalty.

**FACTS**

12. Plaintiff Royalty is a Las Vegas-based business that engages in exotic car conversions, converting expensive and rare cars with automatic transmissions to manual transmissions, as well as exotic car rentals.

13. While the current limited liability company was formed in 2021, Royalty has been in business since 2015. Over that time, it has developed a strong and positive reputation with consumers and in the exotic car industry.

14. Royalty markets its services on the World Wide Web at <royaltyexoticcars.com>. *See* Royalty Website, attached as **Exhibit 1**.

15. Royalty additionally markets itself on social media.

16. Royalty's Instagram account, located at <instagram.com/royaltyexoticcars>, has over 355,000 followers. *See* Royalty Instagram page, attached as **Exhibit 2**.

17. Royalty's Facebook account, located at <facebook.com/royaltysupercarrentals>, has over 295,000 followers. *See* Royalty Facebook page, attached as **Exhibit 3**.

18. Royalty's YouTube account, located at <youtube.com/@houston.crosta>, has over 832,000 subscribers. *See* Royalty YouTube page, attached as **Exhibit 4**.

19. Defendant Third Pedal is a direct competitor to Plaintiff Royalty. Specifically, Third Pedal is also in the business of converting exotic cars with automatic transmissions to manual transmissions. Third Pedal is a newer company and does not have the reputation or

following that Plaintiff Royalty has.

20. Third Pedal markets its services on the World Wide Web at <thirdpedal.co>. *See* Third Pedal Website, attached as **Exhibit 5**.

21. Third Pedal and Brobst additionally market themselves on social media.

22. Their Instagram account is located at <Instagram.com/brobstyle>. *See* Third Pedal Instagram page, attached as **Exhibit 6**.

23. Their Facebook account is located at <facebook.com/people/third-pedal-llc/100088817911491>. *See* Third Pedal Facebook page, attached as **Exhibit 7**.

24. Their YouTube account is located at <youtube.com/@third_pedal>. *See* Third Pedal YouTube page, attached as **Exhibit 8**.

25. In an effort to drive business away from Royalty and towards Third Pedal, Defendants Brobst and Third Pedal have engaged in an intentionally deceptive and false social media campaign of advertising and promotion against Plaintiff Royalty and directly attacked Houston Crosta as its managing member.

26. This campaign contains false and misleading statements of fact about Plaintiff.

27. The Instagram page of Brobst and Third Pedal contains a story entitled "Royalty Sucks" that contains numerous verifiably false statements about Royalty and Crosta. *See* Third Pedal Instagram story, attached as **Exhibit 9**.

28. The "Royalty Sucks" Instagram story reveals that Defendants planned their attack on Royalty for an entire year before they commenced it.

29. The Instagram story states that Plaintiff Royalty and its managing member Crosta "hack up" the cars that they work on, indicating that they damage the cars that Royalty converts, which is a false statement. *See* Exhibit 9.

30. The Instagram story additionally falsely indicates that Royalty, through its managing member Crosta, "lies" about its technical knowledge in the exotic car field, which is additionally untrue. *See* Exhibit 9.

31. The Instagram story falsely claims that Plaintiff Royalty, through its managing

member Crosta, "doesn't know the difference between a shift fork and a shift tooth," which is a false statement meant to denigrate Plaintiff Royalty and indicate that it is not fit to engage in the conversion of exotic cars. *See* Exhibit 9.

32.    The Instagram story falsely states that experts in the exotic car industry will not do business with Royalty, which is not true. *See* Exhibit 9.

33.    The Instagram story states that Royalty does not "have a shop that specialize[s] in" conversions of exotic cars, which is a fabrication. *See* Exhibit 9.

34.    The Instagram story is meant to convey to the reader that Plaintiff is unfit to be in the exotic car business and that, conversely, Defendants are more competent than Plaintiff and do higher quality work than Plaintiff.

35.    Defendants' "Royalty sucks" Instagram story constitutes advertising and promotion of Defendants and their competing business and is intended to drive existing and potential customers away from Royalty.

36.    The Instagram story constitutes false advertising and unfair competition in violation of the Lanham Act.

### CLAIM FOR RELIEF
### Lanham Act – 15 U.S.C. § 1125(a)(1)(B)

37.    Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

38.    Defendants made numerous false and misleading statements or representations of fact about Plaintiff's services and their own services in an attempt to draw potential customers away from Plaintiff's business and towards Defendants' business.

39.    These false and misleading statements were made in commercial advertising and promotion, including on social media.

40.    Defendants' misrepresentations are material in that they relate to the inherent qualities or characteristics of the services offered by Plaintiff and the services offered by Defendants.

41.    These statements are likely to influence the purchasing decisions of consumers.

42.    Defendants' misrepresentations deceive, or have a tendency to deceive, a substantial segment of the audience that sees the false and misleading statements that Defendants made in commercial advertising and promotion.

43.    Defendants placed their false and misleading representations into interstate commerce.

44.    Plaintiff has been and is likely to be injured as a result of Defendants' false and misleading statements, including but not limited to irreparable injury to Plaintiff's reputation and diversion of sales from Plaintiff to Defendants.

45.    Defendants' violation of 15 U.S.C. § 1125(a)(1)(B) entitles Plaintiff to injunctive relief, statutory damages, and an award of reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Vegas Auto Collection, LLC d/b/a Royalty prays that the Court:

A.    Enter judgment in favor of Plaintiff and against Defendants on all claims;

B.    Enter preliminary and permanent injunctive relief against Defendants prohibiting Defendants from making false and misleading statements about Plaintiff and Plaintiff's goods and services in advertising and promotion, including but not limited to in commercial advertising, on the World Wide Web, and on social media;

C.    Award statutory damages to Plaintiff pursuant to 15 U.S.C. § 1117;

D.    Award Plaintiff its reasonable attorneys' fees and costs incurred in prosecuting this action; and

E.    Award such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

- 6 -
Complaint
Case No.

**DEMAND FOR JURY TRIAL**

Plaintiff Vegas Auto Collection, LLC d/b/a Royalty demands a jury trial on all issues so triable.

Dated: April 10, 2026.                    Respectfully Submitted,

/s/ Marc J. Randazza

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147

Attorneys for Plaintiff Vegas Auto
Collection LLC dba Royalty

- 7 -
Complaint
Case No.